IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,940-01






EX PARTE RICHARD DAVID EASON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W09-61362-Y(A) IN THE CRIMINAL DISTRICT COURT 7 


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use
of a motor vehicle and sentenced to fifteen years' imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal. Applicant was charged with this unauthorized use of a motor
vehicle and also with robbery in a second indictment. Applicant pleaded not guilty to both charges,
and they were tried together in a single trial. Applicant was found guilty of both charges. Applicant
alleges that he asked trial counsel to file notice of appeal in both cases, but that counsel filed notice
of appeal only in the robbery case. 

 Applicant's trial counsel has submitted an affidavit, in which she states that it was the
defense strategy at trial to admit involvement in the unauthorized use of a motor vehicle case, but
to deny the robbery allegation. Counsel apparently argued this theory during closing arguments. 
When Applicant was found guilty and sentenced in both cases, counsel states that it was Applicant's
position that he was not guilty of the robbery case, and that he wanted to appeal that case. However,
because the defense had admitted Applicant's involvement in the unauthorized use of a motor
vehicle case, counsel states that Applicant decided not to file an appeal in this case.

 Counsel's affidavit does not explain why Applicant would plead not guilty to both charges
and then admit his guilt to one of the charges. Nor does it explain why Applicant would not have
wanted to exercise his right to appeal matters relating to sentencing, even if he did admit
involvement in this case. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain another affidavit from Applicant's trial counsel, stating whether she advised Applicant
to plead not guilty to both charges, and if so, whether such advice was consistent with the defense
strategy of admitting involvement in one offense but denying the other. Trial counsel shall also state
whether she advised Applicant not to appeal the conviction in this case because he had admitted his
involvement during trial, and whether she advised Applicant that he could appeal matters relating
to sentencing despite his admission of involvement. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with a transcript of the trial and sentencing
proceedings in this case, including any written motions or other documents filed in connection with
this case. The trial court shall then make findings of fact as to whether Applicant was denied his 
right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 15, 2012

Do not publish